UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael J. Wilson,

    Plaintiff,

v.                                                                                    Case No.: 13-12461

City of River Rouge and                                            Honorable Sean F. Cox
Jeffrey Harris, individually and in
his official capacity,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

This is an employment discrimination case. Plaintiff Michael J. Wilson ("Plaintiff") alleges that River Rouge Chief of Police Jeffrey Harris ("Harris") discharged Plaintiff from his position as a part-time police officer for the City of River Rouge ("the City") because of his age, in violation of the Age Discrimination in Employment Act ("ADEA").[1] The City and Harris maintain that Plaintiff was fired due to deficient performance.

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. #21). The motion has been fully briefed by the parties and the Court heard oral argument on July 24, 2014. For the reasons set forth below, the Court shall GRANT Plaintiff's motion.

---

[1] 29 U.S.C. § 621 *et seq.*

## BACKGROUND

**A.    The City Charter**

Section 163 of the City of River Rouge's City Charter provides standards for the commission of public safety officers. It states, in pertinent part, that

> [n]o member of the fire or police department shall be demoted or dismissed, and no member of either force, except the probationary members shall be dismissed except upon formal verified complaint and after trial and conviction by the commission of public safety sitting as a trial board. Said person so charged shall be furnished with a copy of the complaint together with a notice of the time and place of the hearing thereon, and may have the benefit of legal counsel to represent him if he so desires. After trial and conviction, punishment shall be fixed by the commission of public safety and a copy of its findings filed with the city clerk.

(Pl. Mo. at Ex. 4).

**B.    The Letter of Agreement**

In 2006, the City endeavored to hire part-time police officers. The parties agree that the City was required to collectively bargain with the Police Officers Labor Council ("Union") before transferring union work to non-union employees.

The City and the Union did reach such an agreement. (Letter of Agreement, attached to Def. Resp. at Ex. B). The Letter of Agreement states, in pertinent part, that

> 2.    <u>Part Time Officers:</u> POLC Unit I agrees to allow the City to facilitate the Use of Part Time Officers. The Part Time Officers will be scheduled to work in the same manner that the schedules are currently made . . . The POLC Unit I understands that the City is having financial problems and is willing to allow the City to contract out One, (1) DEA position on a temporary basis. *This position will be considered an at will position. The person filling this position will be an at will employees* . . . .

(Def. Br. at Ex. B) (emphasis added).

**C.    Plaintiff's Employment with the City of River Rouge, Michigan**

The City of River Rouge, Michigan ("the City") hired Plaintiff as a part-time police officer

2

in 2007. At some point, Defendant Jeffrey Harris ("Harris") became the City's Chief of Police and Fire.

On December 24, 2011, Plaintiff was dispatched to a party store on a report of shoplifting. (Def. Ex. H). Plaintiff took a suspect into custody and placed the suspect into his patrol car, unsupervised. (Def. Ex. H). The suspect kicked out the window of Plaintiff's patrol car and escaped, but was later recovered. (Def. Br. at Ex. H).

On December 28, 2011, Harris suspended Plaintiff without pay based on the Christmas Eve incident. On January 4, 2012, Harris recommended to the River Rouge Public Safety Commission that Plaintiff's employment should be terminated. (Def. Ex. K). In his letter to the Commission, Harris stated that "Ofc. Wilson is a part time/at-will employee, therefore, a trial board is not necessary." (Def. Ex. K).

On January 12, 2012, the River Rouge Public Safety Commission voted to terminate Plaintiff's employment as a part-time police officer. (Def. Ex. L).

**D.     Procedural History**

Plaintiff filed his Complaint on June 5, 2013 (Doc. #1) alleging that Defendants City of River Rouge and Jeffrey Harris violated the Age Discrimination in Employment Act ("ADEA") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") by terminating Plaintiff's employment based on his age.

On or shortly after April 18, 2014, Defendants served Plaintiff with their Answers to Interrogatories. Included in that discovery production was the River Rouge City Charter, including Section 163 regarding the commission of police officers. Plaintiff contends that was the first time that he or his counsel learned of the existence of Section 163.

3

On June 2, 2014, Plaintiff filed this Motion for Leave to File an Amended Complaint (Doc. #21), whereby Plaintiff seeks to add two new counts to his Complaint: Count III: Deprivation of Plaintiff's Federal Civil Rights as to All Defendants, and Count IV: Breach of Contract as to Defendant City of River Rouge only. (Pl. Mo. at Ex. 1). Defendant filed a response in opposition to Plaintiff's motion (Doc. #22) and Plaintiff has replied (Doc. #24).

## STANDARD OF DECISION

The Federal Rules of Civil Procedure provide that the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Requested amendments are liberally granted even when the amendment seeks to add an entirely new cause of action." *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 78, 79 (N.D. Ohio 1973), *citing Jenn-Air Products Co., Inc. v. Penn. Ventilator, Inc.*, 283 F.Supp. 591 (E.D.Pa.1968). The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971).

The Court should consider several factors when deciding whether to grant a motion to file an amended pleading: 1) repeated failure to cure deficiencies by previous amendments; 2) the lack of notice to the opposing party; 3) bad faith by the moving party; 4) delay in filing a motion for leave to amend; 5) undue prejudice to the opposing party; and 6) futility of amendment. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006).

## ANALYSIS

Defendants lodge two main challenges to Plaintiff's motion to amend the Complaint: 1) that Plaintiff has unduly delayed his filing of this motion, and 2) that Plaintiff's proposed amendments are futile. The Court shall address each challenge in turn.

4

**1) Futility of amendment**

Defendants' chief response to Plaintiff's motion is that the proposed amendments to the Complaint are futile. A proposed amendment to a complaint is futile if it would not survive a motion to dismiss. *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint need only contain "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has moved the Court for leave to amend his Complaint to add two new counts/claims for relief, one for breach of contract (Proposed Count Four) and one for deprivation of property without due process pursuant to 42 U.S.C. section 1983 (Proposed Count Three). (*See* Pl. Mo. at Ex. 1). Plaintiff contends that the City of River Rouge City Charter establishes his property right in his continued employment as a police officer because it states that "[n]o member of the fire or police department shall be demoted or dismissed . . . except upon formal verified complaint and after trial and conviction by the commission of public safety sitting as a trial board . . . ." (Pl. Ex. 4).

Defendants argue that Plaintiff's proposed amendments are futile because Plaintiff was an at-will employee. Essentially, Defendants' argument goes as follows: 1) Michigan's Public Employment Relations Act ("PERA")[2] governs the City's relationship with its police officers; 2) under PERA, the City was required to bargain with the Police Officers Labor Council ("Union") in

---

[2] M.C.L. § 423.201 *et seq.*

order for the City to divert union police work to new part-time officers; 3) the City and the Union, in their Letter of Agreement, agreed that the City could hire part-time officers; 4) the Letter of Agreement states that part-time officer positions are at-will positions; 5) because Plaintiff was hired as a part-time employee pursuant to the Letter of Agreement, Plaintiff is an at-will employee; 6) therefore, Plaintiff does not have a property interest in, or contractual right to, his part-time police officer position, so his causes of action for breach of contract and unconstitutional property deprivation fail to state a claim. (Def. Br. at pp. 10-16).

Plaintiff replies that Defendants have misrepresented the contents of the Letter of Agreement, and that the Letter of Agreement does not designate part-time officers as at-will employees. Plaintiff maintains that his employment as a part-time police officer is subject to the procedural protections provided by the City Charter.

The Court finds Plaintiff's argument more persuasive. The plain language of the Letter of Agreement is, at best, ambiguous as to whether the part-time police officer position is an "at-will" position. Rather, the phrase "at-will position" appears to apply to the "One (1) DEA position" that was authorized on a "temporary basis." (Def. Ex. B). Thus, even assuming that Defendant's other premises are true, it is not clear that Plaintiff was an at-will employee based on the fact that he was hired pursuant to the Letter of Agreement.

Moreover, and more importantly, the Court is not convinced that this issue would be properly raised in a 12(b)(6) motion to dismiss. When considering a motion to dismiss, this Court must construe the complaint in the light most favorable to the plaintiff and accept all well-plead factual allegations as true. *Hartman*, 517 F.3d at 439. Here, Defendants essentially argue that Plaintiff's facts, as pleaded, are not true. However, in the context of a 12(b)(6) motion, this Court must assume

that Plaintiff's factual allegations are true. Thus, the Court would not have the discretion to find that Plaintiff was an at-will employee if Plaintiff has pleaded sufficient facts alleging the contrary, which the Court finds that he has done.

Based on the foregoing, the Court finds that Defendants have failed to show that Plaintiff's proposed amendments would not survive a 12(b)(6) motion to dismiss. Therefore, Defendants have failed to show that Plaintiff's amendments are futile.

**2)** **Undue delay in filing the motion to amend**

Defendants also argue that Plaintiff's motion should be denied because he has unduly delayed his filing of this motion to amend. Defendants note that this motion comes over a year after the original complaint was filed, and just twenty-eight days before the close of discovery.

Plaintiff maintains that there has been no undue delay because Plaintiff just became aware of the facts supporting his new causes of action when he received Defendants' Answers to Interrogatories on April 18, 2014. According to Plaintiff, his counsel did not and could not obtain the River Rouge City Charter until after April 18, 2014. Plaintiff's counsel states that he "diligently researched" the proposed claims before filing the present motion. (Pl. Br. at 12). Plaintiff further states that Defendants did not communicate their opposition of this motion until May 30, 2014, and Plaintiff filed the motion on June 2, 2014.

The Court finds that Plaintiff did not engage in any undue delay in filing his motion to amend the complaint. Plaintiff states that, until he received Defendants' Answers to Interrogatories including Section 163 of the City Charter, he relied on Defendants' erroneous representations that he was an at-will employee. On that basis, Plaintiff argues, he was not aware that he may be entitled to bring a procedural due process or breach of contract claim and that this excuses his delay in

7

seeking leave to amend the Complaint. This Court agrees, and finds that Plaintiff's delay in bringing this motion is excusable.

Further, it is well-accepted that innocent delay, standing alone, is an insufficient basis on which to deny leave to amend a pleading. *See Tefft v. Seward*, 689 F.2d 637, 639-40 (6th Cir. 1982). Defendants have not shown that any delay on Plaintiff's part is intended to harass or otherwise prejudice Defendants.

Nor have Defendants shown that they will be prejudiced by these amendments. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), *quoting* Moore *v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (internal quotations omitted) ("To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent."). The parties have stipulated to extend discovery until August 14, 2014. (Doc. #25). The deadline to file motions has been extended until September 15, 2014. (Doc. #25). Most importantly, at oral argument, Plaintiff's counsel assured the Court that the proposed amendments would not necessitate any additional discovery. Thus, the addition of two causes of action will not burden Defendants' ability to defend against this case.

Based on the foregoing, the Court finds that Plaintiff's proposed amendments are not futile, and that Plaintiff has not caused any undue delay in seeking to amend his Complaint. Therefore, the Court shall GRANT Plaintiff's Motion for Leave to File an Amended Complaint (Doc. #21).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

8

August 6, 2012, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager