UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WILSON,

    Plaintiff,                          No. 13-12461

v.                                         District Judge Sean Cox
                                              Magistrate Judge R. Steven Whalen

CITY OF RIVER ROUGE, ET AL.,

    Defendants.
_____/

## ORDER

Before the Court is Defendants/Counter-Plaintiffs City of River Rouge and Jeffrey Harris' Motion for Sanctions Against Plaintiff/Counter-Defendant Michael J. Wilson Pursuant to Rule 37 [Doc. #39]. For the reasons discussed below, the motion is DENIED.

### I.    FACTS

This is an age discrimination in employment case. Plaintiff Michael J. Wilson ("Wilson") claims that he was terminated from his employment as a police officer for Defendant City of River Rouge ("City") because of his age (43 at the time of his termination). The City, on the other hand, contends that the reason for Wilson's termination was not his age, but because he allowed an unattended prisoner to escape from the back seat of his police car.

At issue in this motion is a police report prepared in 2011 by Michael Ochs, who was a River Rouge police officer at that time. The report concerns Ochs' arrest of an individual on November 3, 2011. Ochs placed the suspect in his patrol car, and then went into the pawnshop from which merchandise had been stolen. While Ochs was inside, the suspect, who had been left unattended in the patrol car, repeatedly kicked the door,

causing damage. On August 15, 2014, the Defendants in this case marked this report "confidential," pursuant to the terms of a protective order. They also marked as "confidential" a second police report, prepared by Officer Dennis Whittie, regarding a prisoner's attempted escape from the police station.

Officer Ochs was deposed on August 27, 2014. When asked what he had done to prepare for his deposition, he testified that Officer Whittie had provided him with a copy of his 2011 arrest report the night before. This was after the Defendants had designated the report as "confidential."

Defendants now seek sanctions against Plaintiff Wilson for violation of the protective order, and to order Officer Whittie to show cause why he should not be held in contempt of court for violation of the protective order. They note that Whittie is the plaintiff in a separate lawsuit against the City.

## II.   DISCUSSION

A party may be sanctioned under Fed.R.Civ.P. 37(b)(2)(A) for violation of a protective order. *See Coleman v. American Red Cross*, [A]979 F.2d 1135, 1140 (6th Cir. 1992). The issue of sanctions is addressed to the Court's discretion. *Id*.

I entered a stipulated protective order on April 14, 2014 [Doc. #18]. That order provides that a party may designate specific categories of documents as "confidential," and restricts the use and disclosure of such documents. The order states as follows, in pertinent part:

> "[A]ny document and/or information designated as "CONFIDENTIAL" by a Producing Party that the Producing Party reasonably believes to contain or to be non-public employment, income, financial, psychiatric, psychological, and/or medical documents and/or information shall be used by the Discovering Party only for the purposes of this litigation and for no other purpose.  The Discovering Party shall not make such documents and/or the information available to any person except:

    (a)    Such employees of the Discovering Party as are involved in the prosecuting or defending of this action, it being understood that the Plaintiff may not share such CONFIDENTIAL documents and/or information with employees and/or former employees of Defendant, CITY OF RIVER ROUGE."

As an initial matter, it appears that the police reports that Whittie provided to Ochs do not fit within the scope of documents that could properly be designated "confidential," since they do not contain "non-public employment, income, financial, psychiatric, psychological, and/or medical documents and/or information."

Secondly, by its terms, the protective order applies to the parties. While he might be a witness, Officer Whittie is not a party to this litigation. Thus, Plaintiff Wilson bears responsibility for any disclosure only if Whittie acted at his (or his attorney's) behest when he gave the reports to Ochs.

Appended to Plaintiff's response [Doc. #48] are the unsworn declarations of Michael Ochs (Exhibit No. 1), Dennis Whittie (Exhibit No. 2), Michael Wilson (Exhibit No. 5), and attorney Gary Miotke (Exhibit No. 6).[1]

Ochs states that he has "never received from Mr. Wilson, Mr. Miotke, or Dennis Whittie a copy of the confidential report." He further states that he "received a copy of the report from Dennie Whittie <u>that was printed in 2011</u>." (Emphasis in original). Included with Ochs' declaration are copies of the reports in question, which contain the following information at the bottom: "Printe By: DWHITTIE, 12/30/2011 05:22." This information appears to have been computer generated.

Whittie states that he has "never received from Mr. Wilson or Mr. Miotke a copy of the confidential report." Instead, he states that he "kept a copy of the report <u>that was</u>

---

[1] 28 U.S.C. § 1746 allows a written unsworn declaration, subscribed under penalty of perjury.

<u>printed in 2011</u> because it pertained to officer safety issues relative to [patrol car] Unit 24," and that "[b]ased upon Officer Och's request, I provided him with a copy of the 2011 report because his copy was lost due to flooding he experienced." (Emphasis in original). Finally, he states, "I did not provide a copy of the 2011 report to Officer Ochs based upon any request or direction from either Mr. Wilson or Mr. Miotke," and "I never received any request or direction from either Mr. Wilson or Mr. Miotke to provide Officer Ochs with a copy of the 2011 report."

Plaintiff Wilson states as follows in his declaration: "I never provided any page or pages of the documents bearing Bates Stamp Numbers 000936-000943 to Dennis Whittie at any time."[2]

Gary Miotke, Plaintiff's counsel, states in his declaration that "Officer Whittie was never given a copy of the confidential report by the Plaintiff or me," and that he "never provided a copy of any version of the report to Officer Ochs." He also states, "I did not request or direct the Plaintiff or Officer Whittie to provide a copy of the 2011 report to Officer Ochs."

These statements, made under penalty of perjury, support a finding that (1) Officer Whittie printed out and retained a copy of the police reports in December of 2011; (2) neither the Plaintiff nor his attorney provided the 2011 police reports to either Whittie or Ochs; (3) neither the Plaintiff nor his attorney directed Whittie to disclose these reports to Ochs.

Thus, when Whittie, a non-party, gave the 2011 police report to Ochs, he did not act at the behest of the Plaintiff or his attorney, nor did he receive the report from the Plaintiff or his attorney. Rather, Ochs printed out and retained a copy of the report in

---

[2] These are the Bates numbers of the documents at issue.

2011, well before this lawsuit was filed.

Therefore, Plaintiff Wilson did not violate the protective order, and is not subject to sanctions. And while Whittie may suffer from credibility problems as to other matters, he has not violated any order of this Court, and is not subject to contempt of court sanctions.

### III.   CONCLUSION

Accordingly, Defendants/Counter-Plaintiffs City of River Rouge and Jeffrey Harris' Motion for Sanctions Against Plaintiff/Counter-Defendant Michael J. Wilson Pursuant to Rule 37 [Doc. #39] is DENIED.

Plaintiff's request for sanctions under 28 U.S.C. § 1927 is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 7, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen